## McNAMARA v STATE OF FLORIDA

Case No. 88-0467-AC A02 (County Court Case No. 88-9638-MM A02)

Fifteenth Judicial Circuit, Palm Beach County

March 7, 1990

### APPEARANCES OF COUNSEL

**Marcy Allen, Esquire**, Assistant Public Defender, for appellant.

**Robert S. Jaegers, Esquire**, Assistant State Attorney, for appellee.

Before CARLISLE, COHEN, MILLER, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in this case is the extent of the predicate which must be laid for a court to consider evidence under the business record exception to the hearsay rule, 90.803(6)(a) F.S.

Connie Bryden testified that she is a probation officer with Pride Probation and that appellant was on probation with Pride. She testified that her office kept official records which she had with her, that these records were kept in the ordinary course of business and that entries were made at or near the time of appellant's visits. She testified that the records had been in the care and custody of Pride Probation.

Appellant contended it was error to admit these records and evidence based upon records concerning appellant's violation of probation. The State originally conceded error. We nevertheless affirmed without opinion. On appellant's motion we granted rehearing.

Section 90.803(6) F.S. is an exception to the hearsay rule based upon considerations of both reliability and necessity. In order for business to be conducted it must keep records. Those records must be accurate. The motive for following a routine of accuracy is great, and the motive to falsify largely non-existent.

At one time it was necessary to have the testimony of all participants in the process of gathering, transmitting, and recording information. That was perhaps fine for a rural economy, where goods were likely harvested, milled, transported, sold and consumed within the space of a few miles. That process is too burdensome and perhaps insurmountable in an economy where orders are electronically placed across state lines and goods are manufactured, stored, and shipped from points far removed from where the orders are received. 90.803(6) F.S. adopts the sensible position of permitting the foundation testimony to be provided by the custodian or other qualified witness. "Other qualified witnesses" does not necessarily mean a person who was present at the time the act or transaction was recorded. It need only be someone who is familiar with the method and purpose of recording and who is able to explain the significance of the documents.

In *United States v Flom,* (5th Cir. 1977) 558 Fed. 2d 1179, invoices were admitted into evidence which had been prepared and sent by corporation A. An official of corporation B testified that the invoices were received and held in the regular course of business of corporation B. No testimony of anyone from corporation A was offered. In affirming the admission of the invoices, the Fifth Circuit said:

"Although the usual case involves an employee of the preparing business laying the necessary foundation under 803(6), the law is clear that under circumstances which demonstrate trustworthiness it is not necessary that the one who kept the record or even had supervision over their preparation, testify." *United States v Pfeiffer,*

(8th Cir. 1976) 589 Fed. 2d 668; *United States v Whitehouse Plastics,* (5th Cir. 1974) 501 Fed. 2d 692, at 1182.

In *United States v Colyer,* (5th Cir. 1978) 571 Fed. 2d 941, certain Master Charge slips were admitted into evidence. The charges on the slips had been made at various business establishments in Mexico. A witness, who was the assistant manager of Security and Fraud Control at the Fort Worth National Bank and Master Charge Division, testified as to how the Master Charge systems works: that is, what normally happens when a purchase is made, how cancellations are sent out to merchants when the card is stolen or lost, and how the charge tickets are returned to the issuing bank and run through a proof machine which automatically flags charged tickets generated from a lost or stolen card. Against the contention that the business records had been made by the various establishments in Mexico and the witness was, therefore, unqualified, the Fifth Circuit held:

"When the circumstances indicate trustworthiness, it is not necessary that the person who kept the record or even had supervision over its preparation, testify. (Citations omitted.)" at 947.

In *United States v Veytia-Brava,* (5th Cir. 1979), 603 Fed. 2d 1187, the defendant was charged with using false identification to purchase ammunition. In proving the offense the Government relied on records of firearms and ammunition sales prepared by the Globe Store in Brownsville, Texas. Globe had gone out of business at the time of the trial and no person who had been associated with the store testified at the trial. Defendant objected to the Government's use of sales records prepared by Globe pursuant to regulations promulgated by the Bureau of Alcohol, Tobacco and Firearms. The Alcohol, Tobacco and Firearms' agent who sponsored the records testified that the Bureau had custody of the Globe records, that the records presented were those prepared by Globe, and that Globe had compiled the records pursuant to regulations. In ruling the trial court did not err in admitting the Globe records, the Fifth Circuit said:

" . . . the testimony of the custodian or other qualified witness is not a sine qua non of admissibility in the occasional case where the requirements for qualification as a business record can be met by documentary evidence, affidavits, or admissions of the parties, i.e. by circumstances evidence, or by a combination of direct and circumstantial evidence."

The Court went on to say:

"(This interpretation) seems, in any event, consistent with the spirit

of the rules. The ruling on admissibility is to be made by the court under Rule 104(a), and the court is not even confined, in making it, to admissible evidence. It would make little sense to require live witness testimony every time a business record is offered when, from the other materials open for the court's consideration, it can make the required finding to its own satisfaction."

Were we to adopt the arguments of appellant, this statute would be largely meaningless. It would be necessary to produce the testimony of all persons who came into contact with appellant at the probation office, and who made notations in the file. The purpose of the statute is to eliminate this meaningless drudgery.

Trial courts sitting in criminal divisions deal frequently with violations of probation. They become familiar with the method record keeping. Violations of probation are non-jury matters. The formality required in a criminal jury trial is simply unnecessary.

In addition, § 90.406 F.S. allows the probation officer to testify as to the routine practice of the agency in keeping the records of a probationer's failure to report. The judge in this case had those records before him and the right to judicially notice those records. It is, therefore:

ORDERED this case is affirmed.

COHEN, MILLER, JJ. - concur.